**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-2211**

DR. AMR FAWZY,

        Plaintiff - Appellant,

V.

WAUQUIEZ BOATS SNC,

        Defendant - Appellee.

**No. 16-2311**

DR. AMR FAWZY,

        Plaintiff - Appellee,

V.

WAUQUIEZ BOATS SNC,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, District Judge. (1:16-cv-03363-RDB)

Argued: September 15, 2017               Decided: October 12, 2017

Before NIEMEYER, KING, and HARRIS, Circuit Judges.

_____

Dismissed by published opinion. Judge Niemeyer wrote the opinion, in which Judge King and Judge Harris joined.

_____

**ARGUED:** Alexander McKenzie Giles, SEMMES, BOWEN & SEMMES, Baltimore, Maryland, for Appellant/Cross-Appellee. C. Edward Hartman, III, HARTMAN & EGELI, LLP, Annapolis, Maryland, for Appellee/Cross-Appellant. **ON BRIEF:** Imran O. Shaukat, SEMMES, BOWEN & SEMMES, Baltimore, Maryland, for Appellant/Cross-Appellee. John R. Griffin, HARTMAN & EGELI, LLP, Annapolis, Maryland, for Appellee/Cross-Appellant.

_____

NIEMEYER, Circuit Judge:

Dr. Amr Fawzy commenced this action against Wauquiez Boats SNC, a French partnership, alleging that a yacht that he purchased from Wauquiez Boats in 2011 was defective. Invoking the admiralty and maritime jurisdiction of the district court, as conferred by 28 U.S.C. § 1333, he asserted claims for "breach of a maritime contract" and for "products liability under the general maritime law." In response to a motion filed by Wauquiez Boats, the district court dismissed the complaint under Federal Rule of Civil Procedure 12(b)(1) for failing adequately to demonstrate admiralty and maritime jurisdiction, denied Wauquiez Boats' request for sanctions, and closed the case.

Unbeknownst to the district court, Fawzy filed an amended complaint under Federal Rule of Civil Procedure 15 roughly an hour before the district court filed its order dismissing the case. Instead of bringing the amended complaint to the attention of the court, however, Fawzy appealed the district court's order dismissing his original complaint, contending that the district court erred in finding a lack of admiralty and maritime jurisdiction.

Because the amended complaint remains the operative complaint in the district court and stands unaddressed by Wauquiez Boats or the court, we conclude that the district court's order dismissing the original complaint and denying sanctions was not a final decision under 28 U.S.C. § 1291. We therefore dismiss Fawzy's appeal, as well as Wauquiez Boats' cross-appeal requesting sanctions, for lack of appellate jurisdiction.

# I

In June 2011, Dr. Fawzy purchased a 55-foot sailing vessel from Wauquiez Boats in northern France for approximately $1.13 million. After taking possession of the vessel in Port Camargue, France, and while sailing it across the Atlantic Ocean on course to his home in Scituate, Massachusetts, Fawzy began to experience difficulties operating the vessel. He alleged in his complaint that "numerous problems" arose "pertaining to the main sail, the foresail, and other components of the Vessel, many of which only became apparent while the Vessel was underway with Plaintiff on board, which resulted in great danger to Plaintiff's life." Fawzy also alleged that these problems persisted over the next two years despite his efforts to have Wauquiez Boats resolve them.

Fawzy commenced this action on October 6, 2016, coordinating the filing of his complaint with the United States Sailboat Show in Annapolis, Maryland, where Wauquiez Boats was showing a new 48-foot sailing vessel.[1] On the day after he filed his complaint, he obtained a writ of maritime attachment under Supplemental Admiralty Rule B on that vessel for the purposes of obtaining jurisdiction over Wauquiez Boats and securing a judgment for damages claimed in the amount of over $1.44 million. The proceedings in the district court thereafter moved quickly. On October 11, 2016, Wauquiez Boats filed a motion to dismiss the action for, among other things, a lack of

---

[1] Fawzy also commenced an action in France in 2013, "seeking return of the purchase price of the Vessel and other, related expenses caused by the repetitive but unsuccessful attempts to repair or replace the defective components," which remains pending.

4

admiralty and maritime jurisdiction.  The motion also requested sanctions, claiming that the attachment was wrongful, malicious, and especially injurious to Wauquiez Boats' effort to sell the new vessel at the boat show.  The next day, October 12, the district court conducted a hearing on Wauquiez Boats' motion, and on October 14, at 2:22 p.m., the court filed a memorandum and order:  (1) dismissing the case for lack of admiralty or maritime jurisdiction; (2) vacating the attachment; (3) releasing Wauquiez Boats' vessel; (4) denying Wauquiez Boats' request for sanctions; and (5) directing the clerk of court to "close this case."

Unbeknownst to the district court — and calling to mind the script of a Greek tragedy — Fawzy had filed an amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(1) at 1:16 p.m., a little more than an hour *before* the district court closed the case.  The amended complaint added claims for negligent design of the vessel, failure to warn, intentional misrepresentation, and intentional infliction of emotional distress, and it added eight paragraphs alleging new facts.  The amended complaint also increased Fawzy's damages claim to $1,573,500.  Fawzy took no steps following the district court's order of dismissal to advise the court that he had previously filed an amended complaint. Rather, a few days later, on October 19, 2016, he filed this appeal, challenging the district court's ruling dismissing this case for a lack of admiralty and maritime jurisdiction. Wauquiez Boats then filed a cross-appeal, challenging the district court's order refusing to award sanctions for Fawzy's allegedly malicious attachment of its vessel.

By order dated August 28, 2017, we directed counsel for the parties to file simultaneous supplemental briefs addressing our subject matter jurisdiction.  In his

5

supplemental brief, Fawzy contended that, despite the fact that his amended complaint rendered his original complaint a nullity and that the district court never addressed his amended complaint, we nonetheless have appellate jurisdiction. He argued that the district court's "subsequent dismissal of the initial Verified Complaint was [simply] in error" such that we could review it as we would any other error. He argued further that after the district court dismissed the case, he could not file a Rule 60 motion to preserve the court's error for appeal because the error was "substantive" and not simply a "clerical mistake or a mistake arising from oversight or omission," quoting Federal Rule of Civil Procedure 60(a). In its supplemental brief, Wauquiez Boats likewise contended that we have appellate jurisdiction because the district court intended to render a final decision on all claims before it, whether or not they were specifically raised in the original complaint. It asserted that the amended complaint, which the district court never addressed, "[did] not contain any new causes of action that would deny appellate court jurisdiction in this matter" and that, in any event, any new allegations were discussed during the oral argument on its motion to dismiss the original complaint. Wauquiez Boats also argued that Fawzy failed to preserve his ability to rely on the amended complaint because he "did not alert the district court of the oversight prior to filing his appeal," making the original complaint the operative one and the district court's order dismissing it a final, appealable decision.

## II

At the outset, we address our jurisdiction, as we must.

Section 1291 of Title 28 confers jurisdiction over appeals from "all *final decisions* of the district courts of the United States" (emphasis added), subject to a limited number of exceptions not applicable here.[2]  A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945); *see also United States ex rel. Lutz v. United States*, 853 F.3d 131, 136 (4th Cir. 2017).  The question thus presented at the outset is whether the district court's order dismissing Fawzy's original complaint was a final decision that left nothing further to be done in the case.

In response to the complaint invoking admiralty and maritime jurisdiction under § 1333, Wauquiez Boats filed a motion to dismiss on the ground that the complaint failed adequately to demonstrate admiralty and maritime jurisdiction.  Following a hearing on the motion, the district court dismissed the action, relying on *Flota Maritima Browning de Cuba, Sociadad Anonima v. Snobl*, 363 F.2d 733 (4th Cir. 1966) (holding that a contract for the sale of a ship is not a maritime contract), and *East River S.S. Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858 (1986) (holding that no products-liability claim

---

[2] These exceptions include, for example, appeals from the entry of injunctions, *see* 28 U.S.C. § 1292(a)(1); from orders variously certified as final, *see id.* § 1292(b); Fed. R. Civ. P. 54(b); and from certain collateral orders, *see Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100, 103 (2009); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949), including orders dissolving a maritime attachment, *see Swift Co. & Packers v. Compania Colombiana Dell Caribe, S.A.*, 339 U.S. 684, 688–89 (1950). Neither party argues, however, that any of these exceptions apply, and they expressly declined to invoke the collateral order doctrine with respect to the district court's order dissolving the maritime attachment, pressing only our review of the district court's Rule 12(b)(1) dismissal order and its denial of sanctions.

lies in admiralty when the only injury claimed is economic loss), and closed the case, thereby purporting to enter a "final decision." That decision would, in the ordinary course, be appealable under § 1291.

The twist in this appeal, however, comes from the fact that one hour before the district court filed its order of dismissal, Fawzy filed an amended complaint under Rule 15, of which the court was neither forewarned nor had knowledge when it purported to issue its "final decision." But the effect of the amended complaint's filing was fatal to our jurisdiction.

Fawzy filed his amended complaint as a matter of right under Rule 15, which requires, in the circumstances here, no prior approval by the court or the opposing party. Rule 15 provides in relevant part that "[a] party may amend its pleadings once as a matter of course within . . . 21 days after service of a motion under Rule 12(b)." Fed. R. Civ. P. 15(a)(1)(B). In this case, Fawzy filed his amended complaint on October 14, 2016, only three days after Wauquiez Boats filed its Rule 12(b)(1) motion. Thus, the conditions for amending a complaint as of right under Rule 15 were satisfied.

Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint "of no effect." *Young v. City of Mt. Ranier*, 238 F.3d 567, 573 (4th Cir. 2001). Accordingly, when Fawzy filed his amended complaint as a matter of right at 1:16 p.m. on October 14, 2016, his filing rendered his original complaint "of no effect." As a consequence, when the district court subsequently dismissed the original complaint at 2:22 p.m. on the same day, it ruled on a mooted complaint, not the operative one. Indeed, the court never

8

addressed the operative amended complaint before Fawzy filed this appeal. Moreover, Wauquiez Boats never filed any motion or other response to the amended complaint, which yet stands unattended, boldly if not lonely. Because the district court's order dismissing the original complaint left the operative complaint unaddressed, the order was not a final order, but rather an interlocutory one, and we have no appellate jurisdiction to review it. *See* 28 U.S.C. § 1291. For the same reason, we also lack jurisdiction to review Wauquiez Boats' cross-appeal, taken from the district court's order denying its motion for sanctions.

Fawzy's argument that we should nonetheless address the district court's failure to address his amended complaint as a reviewable error simply ignores the final decision doctrine, which he does not even discuss in his supplemental brief.

Wauquiez Boats' argument that we have jurisdiction because the amended complaint added no new causes of action or facts fares no better. First, the amended complaint did indeed add several new causes of action that Fawzy contends fall within the admiralty and maritime jurisdiction of the court, including claims for negligent design of the vessel, failure to warn, intentional misrepresentation, and intentional infliction of emotional distress. Moreover, a number of paragraphs were added to the amended complaint alleging facts not included in the original complaint. While Wauquiez Boats argues that the additional allegations were discussed with the court at the hearing on the motion to dismiss the original complaint, that argument does not lead to a conclusion that the district court somehow addressed and dismissed the amended complaint before it was even filed or that the court intended to assess the sufficiency of the new allegations in its

9

ruling. Indeed, at the hearing, Fawzy made no request to amend his complaint and the court never indicated that Fawzy had somehow made such a request. Finally, Wauquiez Boats argues that we have jurisdiction because, by failing to notify the district court timely of its error, Fawzy cannot rely on the amended complaint, making the district court's ruling on the original complaint a final decision. But, as we have already noted, the amended complaint was properly filed under Rule 15(a), and Fawzy's failure to notify the district court of its filing did not change the amended complaint's status as the operative one.

Accordingly, we conclude that the district court erroneously, albeit unwittingly, closed the case without having addressed the amended complaint and therefore that Fawzy's appeal and Wauquiez Boats' cross-appeal were taken from an interlocutory order. We thus dismiss their appeals for lack of appellate jurisdiction.

IT IS SO ORDERED.