**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 20, 2017[*]
Decided December 11, 2017

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 16-3916

| | |
|---|---|
| DAVID A. BERTHA, | Appeal from the United States |
|     *Plaintiff-Appellant*, | District Court for the Northern District |
| | of Illinois, Eastern Division. |
|     *v.* | |
| | No. 1:16-cv-04982 |
| MICHAEL SULLIVAN, et al., | |
|     *Defendants-Appellees*. | Harry D. Leinenweber, |
| | *Judge*. |

**O R D E R**

David Bertha, a former lawyer, initiated this civil-rights action against the state judges, prosecutors, county sheriff, and court-appointed mental-health evaluator involved in his criminal cases for trespass and contempt. The district court dismissed Bertha's suit with prejudice because of perceived deficiencies in his original complaint.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(A)(C).

By then, however, Bertha had filed, as a matter of course, an amended complaint that the district judge refused to consider. Because the judge did not have discretion to ignore Bertha's amended complaint, we vacate the dismissal and remand for further proceedings.

Bertha twice was arrested in October 2013 when he tried to enter the Kane County jail to visit a client after being told to leave. He was charged with trespass in separate cases. During the criminal proceedings he personally drafted and submitted motions and letters crudely berating and threatening the participating judges. He then was charged with criminal contempt. Questions about Bertha's competence have delayed the criminal proceedings significantly, and all three cases remain ongoing in one way or another. As best we can tell, he was convicted and served an eight-month sentence for criminal contempt, but a judge vacated that conviction and ordered a series of fitness examinations and a new trial. As for the trespass cases, it appears that one of them has gone to trial and resulted in a guilty verdict, but both the sentencing in that case and further proceedings in the second trespass case were delayed when Bertha was found incompetent—a finding that since has been reversed.

While these state proceedings were unfolding, Bertha turned to federal court. His original complaint named as defendants the Kane County state's attorney and his office, an assistant prosecutor, the Kane County sheriff's office, eight judges, and the mental-health evaluator appointed to assess Bertha's fitness to stand trial. Bertha alleged a litany of constitutional claims under 42 U.S.C. § 1983. The district judge screened the complaint, *see* 28 U.S.C. § 1915(e)(2)(B); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999), and allowed Bertha to proceed. The defendants did not answer the complaint. Instead (in two groups) they filed motions to dismiss under Federal Rule of Civil Procedure 12(b)(1) and (6). The motions raised broad defenses including abstention, the Eleventh Amendment, judicial and prosecutorial immunity, the statute of limitations, and lack of personal involvement.

Ten days after the first motion to dismiss was filed, and five days after the second, Bertha filed an amended complaint. *See* FED. R. CIV. P. 15(a)(1)(B). He tried to blunt the concerns raised in the motions to dismiss by removing the offices of the state's attorney and sheriff as defendants, and naming all defendants in their individual capacity only. (Because of this we have amended the caption for this appeal to replace the Kane County state's attorney's office, which Bertha removed as a defendant, with Judge Michael Sullivan, the first named defendant in the amended complaint.) Bertha also added as defendants fifteen jail employees and other law-enforcement officers.

The amended complaint, as clarified by its attached "memorandum of law" and Bertha's appellate briefs, *see Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013); *Smith v. Knox County Jail*, 666 F.3d 1037, 1039 (7th Cir. 2012), sets forth the following allegations against the named defendants: (1) jail employees banned him from the Kane County jail without due process, (2) law-enforcement officers twice arrested him without probable cause for allegedly trespassing at the jail, (3) the chief judge of the Circuit Court of Kane County denied him due process by entering into evidence in his trespass cases the letters he sent the various judges, (4) the judges and prosecutors denied him due process and violated his right to free speech by bringing and entering a conviction on the charge of criminal contempt, (5) during his trials several law-enforcement officers physically assaulted and removed him from the Kane County courthouse without cause, (6) jail employees subjected him to an unreasonable strip search while he was serving his sentence for criminal contempt, and (7) jail employees subjected him to cruel and unusual punishment by placing him in segregated housing during that sentence. The amended complaint seeks damages and dismissal of the contempt case that is awaiting retrial.

The district judge disregarded Bertha's amended complaint and proceeded with a hearing on the motions to dismiss the superseded initial complaint. From the bench at that hearing, the judge dismissed the original complaint, citing judicial immunity, prosecutorial immunity, and the ongoing state-court proceedings. The judge did not say anything about the substance of the particular claims but declared that Bertha's original complaint did not "state federal jurisdiction or causes of action." When Bertha reminded the judge that he had filed an amended complaint, the judge said Bertha could not "file an amended complaint without leave of the Court" and, since Bertha had not sought leave, there was "nothing before the Court." Later that day the judge entered a minute order concerning the hearing: "For the reasons stated in open court defendants' motions to Dismiss for Failure to state a Claim . . . are granted. Plaintiff is granted leave to file a motion for leave to file an amended complaint. Civil case terminated." Bertha responded to this minute entry by moving for leave to amend, which prompted two additional minute orders. In the first, the judge "corrected" his earlier entry to "strike the language granting Plaintiff leave to file an amended complaint" because, the judge said, "[t]here was no pending motion to file an amended complaint when the parties appeared before the Court." In the second order, the judge denied Bertha leave to amend his complaint, saying that Bertha's "original complaint was dismissed for lack of subject matter jurisdiction, and the dismissal was therefore with prejudice." Bertha then filed a timely notice of appeal.

Bertha argues that the district judge erred by not addressing his amended complaint and by denying him leave to amend. The defendants frame this as a question of the district judge's *discretion* to allow Bertha to amend his complaint, but that is a red herring. Bertha points out that, under Federal Rule of Civil Procedure 15, a "party may amend its pleading once as a matter of course." Specifically, Rule 15 authorizes a party to amend an unanswered complaint within "21 days after service of a motion under Rule 12(b)." FED. R. CIV. P. 15(a)(1)(B). Bertha filed his amended complaint within that time limit, so permission from the judge was unnecessary. *See id.*; *Swanigan v. City of Chicago*, 775 F.3d 953, 963 (7th Cir. 2015) (explaining that, because of Rule 15(a)(1)(B), "whether to allow an amendment" after an answer or motion to dismiss "was out of the court's hands entirely"); *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1007–08 (9th Cir. 2015) (describing ability to amend complaint under Rule 15(a)(1)(B) as "automatic right"). The amended complaint became the operative complaint, *see Riley v. Elkhart Community Schools*, 829 F.3d 886, 890 (7th Cir. 2016), *cert. denied*, 137 S. Ct. 1328 (2017), making the pending motions to dismiss the *original* complaint irrelevant, *see Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017) (holding that district court "ruled on a mooted complaint, not the operative one" since plaintiff already had filed timely amendment under Rule 15(a)(1)(B)).

We note that in *Fawzy* the Fourth Circuit concluded that its jurisdiction was affected by the identical procedural posture. 873 F.3d at 455. The Fourth Circuit dismissed the plaintiff's appeal from the dismissal of his lawsuit, reasoning that there was no final judgment because the district court had not addressed the amended complaint. *Id*. But that analysis ignores the key to finality—did the district judge *finish* with the case? *See Hernandez v. Dart*, 814 F.3d 836, 840–41 (7th Cir. 2016) (noting that this court had jurisdiction over appeal given "multiple indicia that the district court was finished with the case"); *Martinez v. City of Chicago*, 499 F.3d 721, 726 (7th Cir. 2007) (same). We cannot tell from the *Fawzy* opinion if the Fourth Circuit disagrees with our understanding of finality or if the court simply overlooked the question. But if the Fourth Circuit meant to adopt a different standard, we reject it. Here, it is clear the district judge was finished with Bertha's case. The judge declared that the case was "terminated," and then he later clarified that he would not allow amendments to the complaint and that the dismissal was with prejudice. We do not lack jurisdiction just because the reasoning underlying the dismissal is wrong; rather, we must correct the error.

Because the district judge had never addressed Bertha's amended complaint, he effectively dismissed the action sua sponte, which was error. Bertha was proceeding in

forma pauperis, so the judge could have screened the amended complaint under § 1915(e)(2)(B), *see Rowe*, 196 F.3d at 783, and dismissed the lawsuit if that review showed the case to be frivolous. But the judge did not screen the amended complaint. Instead the judge emphasized that the case had been dismissed with prejudice on the ground that the court lacked "subject matter jurisdiction" over the superseded original complaint. And since the defendants had not moved to dismiss Bertha's amended complaint, the judge could not dismiss sua sponte without first disclosing his intentions and giving Bertha a chance to respond. *See Aljabri v. Holder*, 745 F.3d 816, 819 (7th Cir. 2014); *Dawson v. Newman*, 419 F.3d 656, 660 (7th Cir. 2005). Here the judge did not even consider the amended complaint, much less disclose any concerns he may have had with the allegations contained in it.

The district judge's concern about subject-matter jurisdiction changes nothing. At the motions hearing, the judge did not identify a specific jurisdictional bar; he said only that "this Court has no jurisdiction to interfere in a state court matter" and that the original complaint did not "state federal jurisdiction or causes of action." To the extent the judge was alluding to the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), he was mistaken—*Younger* concerns whether a district court might have reason to refrain from *exercising* its jurisdiction. *See Sprint Comm'cns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013) (noting that abstention is exception to general rule that federal courts must hear cases "within the scope of federal jurisdiction"); *Mulholland v. Marion Cty. Election Bd.*, 746 F.3d 811, 815 (7th Cir. 2014) (same). And if the judge's reference to subject-matter jurisdiction instead was directed at the Eleventh Amendment defense raised by some of the defendants in response to Bertha's original complaint, *see Garcia v. City of Chicago*, 24 F.3d 966, 969 (7th Cir. 1994), Bertha already had eliminated that defense by amending his complaint to name only individual defendants in their individual capacity. *See Peirick v. Ind. Univ.-Purdue Univ. Indianapolis Athletics Dep't*, 510 F.3d 681, 695 (7th Cir. 2007). Thus subject-matter jurisdiction is not an obstacle.

We do not mean to suggest that Bertha's amended complaint will allow him to dodge what appear to be significant defenses. Some, like absolute judicial immunity, are obvious, and the list likely includes *Younger* abstention and prosecutorial immunity. But we cannot say that Bertha's *suit* is frivolous, in particular some of his allegations against the law-enforcement officers working at the jail and courthouse. *See Richman v. Sheahan*, 512 F.3d 876, 881 (7th Cir. 2008) (noting that courthouse beating could support claim of excessive force if committed "maliciously and sadistically for the very purpose of causing harm"); *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003) (noting that strip search may support Eighth Amendment claim if "conducted in a harassing

manner intended to humiliate and inflict psychological pain"). Rather than sift through a complaint that has never been reviewed by the district judge and might be amended again with the judge's permission, we leave it to the district judge to address Bertha's amended complaint and any possible defenses in the first instance. We thus express no opinion about these issues. *See Dawson*, 419 F.3d at 660.

VACATED and REMANDED.