**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 23-1521**

─────────────

ANDREW L. MAINE,

Plaintiff - Appellant,

v.

XAVIER BECERRA,

Defendant - Appellee.

─────────────

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, Chief District Judge.  (1:16-cv-03788-GLR)

─────────────

Submitted:  June 28, 2024                                  Decided:  August 27, 2024

─────────────

Before GREGORY and RUSHING, Circuit Judges, and FLOYD, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

**ON BRIEF:**  James L. Fuchs, LAW OFFICES OF SNIDER & ASSOCIATES, LLC, Baltimore, Maryland, for Appellant.  Erek L. Barron, United States Attorney, Matthew A. Haven, Assistant United States Attorney, Matthew T. Shea, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andrew L. Maine appeals after a jury found for his employer, the National Institutes of Health ("NIH"),[*] on his retaliation claim raised pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17 (Title VII). Finding no reversible error, we affirm.

Maine first challenges the district court's grant of partial summary judgment in favor of the NIH, primarily arguing that the court erred in granting summary judgment before discovery and in failing to consider the NIH's motion—a second motion filed after Maine amended his complaint and the district court had denied an earlier motion without prejudice—as a motion for reconsideration.

We "review[] a district court's pre-discovery grant of summary judgment for abuse of discretion." *Shaw v. Foreman*, 59 F.4th 121, 128 (4th Cir. 2023). "Generally, summary judgment must be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Id.* (internal quotation marks omitted); *see also Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council of Balt.*, 721 F.3d 264, 281 (4th Cir. 2013) (en banc) (emphasizing "that the parties [must] first be afforded a reasonable opportunity for discovery" prior to converting Rule 12(b)(6) motion into one for summary judgment (internal quotation marks omitted)). However, "a nonmoving party cannot complain that summary judgment was granted without discovery

---

[*] The Secretary of the Department of Health and Human Services is the Appellee in this case.

2

unless that party attempted to oppose the motion on the grounds that more time was needed for discovery." *Shaw*, 59 F.4th at 128 (cleaned up).

"[T]he proper course" for a party opposing conversion of a motion to dismiss is by filing an affidavit pursuant to Fed. R. Civ. P. 56(d) "stating that it could not properly oppose summary judgment without a chance to conduct discovery." *Greater Balt.*, 721 F.3d at 281 (cleaned up). While the rule formally requires that the party present an "affidavit or declaration that . . . it cannot present facts essential to justify its opposition," Fed. R. Civ. P. 56(d), we excuse formal compliance with the rule "if the nonmoving party has adequately informed the district court that the motion is pre-mature and that more discovery is necessary," *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002). "[I]f the nonmoving party's objections before the district court served as the functional equivalent of an affidavit, and if the nonmoving party was not lax in pursuing discovery, then we may consider whether the district court granted summary judgment prematurely." *Id.* at 244-45 (cleaned up).

Maine does not dispute that he did not file a Rule 56(d) affidavit, and "a party may not simply assert in its brief that discovery was necessary and thereby overturn summary judgment when it failed to comply with the requirement of Rule 56[(d)] to set out reasons for the need for discovery in an affidavit." *Nguyen v. CNA Corp.*, 44 F.3d 234, 242 (4th Cir. 1995) (cleaned up). If the party did not file a Rule 56(d) motion, the party must otherwise "put the district court on notice as to which specific facts are yet to be discovered." *McCray v. Md. Dep't of Transp.*, 741 F.3d 480, 484 (4th Cir. 2014). Maine only generally complained that he needed discovery, and the only specific fact he said he

wished to discover was why the job posting was not advertised with a veteran's preference. This was insufficient to place the district court on notice.

Nor did the district court err in not treating the NIH's second motion as a motion for reconsideration. The court denied the first motion without prejudice. Thus, the court left the door open for the NIH to renew its motion for summary judgment. Maine then amended his complaint, which rendered the original complaint a legal nullity. *See Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017) ("[A] properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, . . . render[ing] the original complaint of no effect." (internal quotation marks omitted)). Thus, the NIH had to file a response to the amended complaint. Fed. R. Civ. P. 15(a)(3). The NIH chose to respond by filing a motion pursuant to Fed. R. Civ. P. 12(b)(6) that presented matters outside the pleadings and could be converted to a motion for summary judgment. *See* Fed. R. Civ. P. 12(d). Maine cites no authority to support his assertion that this was improper.

On the merits, Maine only challenges the district court's rejection of his nonselection claim. *See Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument by failing to present it in its opening brief or by failing to develop its argument—even if its brief takes a passing shot at the issue." (cleaned up)). We review a district court's summary judgment ruling de novo, "applying the same legal standards as the district court and viewing all facts and reasonable inferences in the light most favorable to the nonmoving party." *Ballengee v. CBS Broad., Inc.*, 968 F.3d 344, 349 (4th Cir. 2020). Summary judgment is warranted "if the movant shows that there

is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine question of material fact exists where, after reviewing the record as a whole, a court finds that a reasonable jury could return a verdict for the nonmoving party." *J.D. ex rel. Doherty v. Colonial Williamsburg Found.*, 925 F.3d 663, 669 (4th Cir. 2019) (internal quotation marks omitted). In conducting this inquiry, courts may not "weigh conflicting evidence or make credibility determinations." *Id.* But "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015) (internal quotation marks omitted).

Maine proceeded under the familiar burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973). To establish a prima facie failure-to-hire claim under *McDonnell Douglas*, a plaintiff must show that "(1) []he is a member of a protected group, (2) there was a specific position for which []he applied, (3) []he was qualified for that position, and (4) [his] employer rejected [his] application under circumstances that give rise to an inference of liability." *Walton v. Harker*, 33 F.4th 165, 176 (4th Cir. 2022) (cleaned up). To establish a prima facie case of retaliation, a plaintiff is required to "show (1) that []he engaged in protected activity; (2) that h[is] employer took an adverse action against h[im]; and (3) that a causal connection existed between the adverse activity and the protected action." *Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 578 (4th Cir. 2015) (cleaned up). If the plaintiff makes these showings, his employer then must proffer a legitimate, nondiscriminatory and nonretaliatory reason for his

5

nonselection. *Id.*; *Worden v. SunTrust Banks, Inc.*, 549 F.3d 334, 341 (4th Cir. 2008). Finally, Maine had the burden to show that the NIH's legitimate reason was, in fact, a pretext for intentional discrimination or retaliation. *Jacobs*, 780 F.3d at 578; *Worden*, 549 F.3d at 341.

Assuming Maine established a prima facie case of discrimination or retaliation, the district court correctly concluded that Maine could not establish that the NIH's legitimate, nondiscriminatory reason was pretextual. Maine's most helpful evidence—that the decisionmaker may have misrepresented the recommendations of the initial interview panel—would be most relevant if the decisionmaker had not selected a candidate. Instead, he chose a different candidate. Maine does not meaningfully contest on appeal that the chosen candidate had superior qualifications, and a review of the two resumes shows that she had more extensive experience than Maine did, including recent supervisory experience. Moreover, as the district court noted, the agency's failure to apply the veteran's preference was in keeping with its lawful authority to rely on merit promotion procedures for direct hire positions. Thus, the lack of a veteran's preference does not show that the failure to select Maine was pretextual. We therefore affirm the district court's summary judgment ruling.

Maine next challenges the district court's order granting the NIH's motion in limine precluding Maine from introducing evidence of dismissed claims at trial. "We . . . review a district court's grant of a motion *in limine* for an abuse of discretion." *Projects Mgmt. Co. v. Dyncorp Int'l LLC*, 734 F.3d 366, 373 (4th Cir. 2013). Rule 402, Fed. R. Evid., prohibits the admission of "[i]rrelevant evidence." Additionally, a district "court may

6

exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . confusing the issues." Fed. R. Evid. 403.

The district court did not abuse its discretion in granting the motion in limine. There was only one discrete issue at trial—whether Maine's transfer was retaliatory. Evidence of other claims would have been irrelevant.

As for the conduct of the trial, Maine first contends that the district court erred in allowing the NIH to ask leading questions. We review for abuse of discretion a district court's rulings on the use of leading questions. *United States v. Durham*, 319 F.2d 590, 592 (4th Cir. 1963). "The evil to be avoided is that of supplying a false memory for the witness." *Id.* But district judges have "broad latitude in monitoring the manner in which testimony is extracted from witnesses, and reversal is warranted on the basis of leading questions only if the judge's actions cause the denial of a fair trial." *Winant v. Bostic*, 5 F.3d 767, 773 (4th Cir. 1993).

We discern no abuse of discretion. The NIH proposed a method of hybrid direct and cross-examination at the final pretrial conference, to which Maine did not object at that time. Maine points to only a few places in the record where he objected at trial. These isolated instances do not demonstrate that he was denied a fair trial.

Maine next contends that the district court erred in criticizing him in front of the jury regarding the lack of available witnesses near the end of a trial day. But Maine cites no legal authority in his brief in support of this argument and has thus waived review of it. *See Grayson O Co.*, 856 F.3d at 316.

7

Finally, Maine argues that the jury's verdict is not supported by sufficient evidence. But this argument also is not preserved. "After the presentation of evidence, but before the case is submitted to the jury, [Fed. R. Civ. P.] 50(a) authorizes either party to move for judgment as a matter of law." *Dupree v. Younger*, 598 U.S. 729, 731 (2023). "After the verdict, Rule 50(b) permits a disappointed party to file a renewed motion for judgment as a matter of law." *Id.* at 732. "Absent such a motion, an appellate court is powerless to review the sufficiency of the evidence after trial." *Id.* at 735 (internal quotation marks omitted). In other words, the failure to make a Rule 50(b) motion forecloses a party's ability to challenge on appeal the sufficiency of the evidence supporting the jury's verdict. *Belk, Inc. v. Meyer Corp., U.S.*, 679 F.3d 146, 155-60 (4th Cir. 2012); *see also Bristol Steel & Iron Works v. Bethlehem Steel Corp.*, 41 F.3d 182, 187 (4th Cir. 1994) ("[A] party's complete failure to move for judgment as a matter of law, barring plain error, generally forecloses appellate review of the sufficiency of the evidence."). The record shows that Maine did not move for judgment as a matter of law under Rule 50, and he is thus precluded from arguing on appeal that the jury's verdict is against the weight of the evidence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

8