## State of Vermont v. William L. Armstrong

[533 A.2d 1183]

No. 85-513

Present: **Allen, C.J., Hill, Peck and Gibson, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed August 14, 1987

*Thomas D. Anderson*, Orleans County Deputy State's Attorney, Newport, for Plaintiff-Appellee.

*Williams L. Armstrong*, pro se, Newport, Defendant-Appellant.

**Hill, J.** This is an appeal from the denial of defendant's post-sentence motion to withdraw his guilty plea to a charge of driving while under the influence of intoxicating liquor, in violation of 23 V.S.A. § 1201(a)(2). We affirm.

The decision to grant or deny a motion to withdraw a guilty plea, made after sentence, is within the discretion of the trial court, and will not be disturbed unless an abuse of discretion is shown. *State* v. *Morse*, 126 Vt. 314, 318, 229 A.2d 232, 235 (1967). The standard to be applied by the trial court is that the motion will be granted "only to correct manifest injustice." V.R.Cr.P. 32(d).

At the August 13, 1985, hearing at which defendant pled guilty, the trial court conducted a full and complete Criminal Rule 11 examination. Defendant assured the court that he understood the rights he was waiving, including the right to be represented by counsel, and that his plea was being entered voluntarily. Nevertheless, the thrust of his later motion to withdraw his plea was his assertion that the failure of the court to appoint a public defender to represent him "forced" him to plead guilty to the charge. There is no merit to this assertion, however, in view of the fact that defendant, at the time of the plea, was not eligible for public defender services under the financial guidelines set out in Supreme Court Administrative Order No. 4, § 5.[1] In addition, defendant's motion acknowledges that he was informed on June 4, 1985, some five weeks before his plea hearing, of the withdrawal of an earlier public defender assignment to him, and that he sought legal advice following this withdrawal. Under these circumstances, there was no abuse of discretion in the court's denial of defendant's motion.

Defendant next challenges the legality of the roadblock stop which led to his prosecution for DUI, but this argument cannot be raised at this late stage in the proceedings. "It is the law of this state that a plea of guilty operates as a waiver of previous

---

[1] Defendant's Request for Assignment of Lawyer Form listed real estate owned by defendant in Virginia in which he possessed $38,000 of unencumbered equity, as well as a monthly income of $850.

procedural shortcomings, insofar as such defects are subject to waiver." *State* v. *Myott*, 140 Vt. 267, 268, 436 A.2d 781, 782 (1981). This rule of waiver also applies to claims that the prosecution obtained evidence unlawfully. 1 C. Wright, Federal Practice and Procedure: Criminal 2d § 175, at 625-27 (1982). A voluntary plea of guilty waives all nonjurisdictional defects in the proceedings leading up to the plea, including allegedly illegal searches and seizures. *United States* v. *Johnson*, 634 F.2d 385, 386 (8th Cir. 1980); *Johnson* v. *Petrovsky*, 626 F.2d 72, 73 (8th Cir. 1980). Defendant waived his right to challenge the roadblock stop in this appeal by voluntarily pleading guilty to the charge of DUI.

Defendant's remaining argument is that the trial court lacked jurisdiction to try him for the alleged offense because the roadblock at which he was stopped was set up at a port of entry to the United States from Canada along Interstate 91. It is defendant's contention that because the area where he was stopped was "federal reservation" property, the State of Vermont has no jurisdiction to prosecute him for offenses committed thereon.

■ Even if we assume, without deciding, that this issue is properly before this Court although it is being raised for the first time in this appeal, the argument provides no basis for relief to defendant. 8 U.S.C. § 1358 expressly provides that state courts retain jurisdiction over offenses committed at U.S. border stations,[2] and courts have regularly upheld state court jurisdiction over similar offenses arising out of stops or arrests at border stations. See, e.g., *People* v. *Fisher*, 97 A.D.2d 651, 652, 469 N.Y.S.2d 187, 189 (1983); *State* v. *Bradley*, 105 Wash. 2d 898, 900-01, 719 P.2d 546, 548 (1986).

*Affirmed.*

---

[2] 8 U.S.C. § 1358 (1982) provides that:
> The officers in charge of the various immigrant stations shall admit therein the proper State and local officers charged with the enforcement of the laws of the State or Territory of the United States in which any such immigrant station is located in order that such State and local officers may preserve the peace and make arrests for crimes under the laws of the State and Territories. For the purpose of this section the jurisdiction of such State and local officers and of the State and local courts shall extend over such immigrant stations.