NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2019 VT 67

No. 2018-323

In re Jeffrey R. Gay II

Supreme Court

On Appeal from
Superior Court, Chittenden Unit,
Civil Division

May Term, 2019

Robert A. Mello, J.

Matthew Valerio, Defender General, and Jill P. Martin and Seth Lipschutz, Prisoners' Rights
   Office, Montpelier, for Petitioner-Appellant.

David Tartter, Deputy State's Attorney, Montpelier, for Respondent-Appellee.

PRESENT: Reiber, C.J., Skoglund, Robinson, Eaton and Carroll, JJ.

¶ 1.    **CARROLL, J.**    Defendant appeals orders denying his motion for summary judgment and granting summary judgment in favor of the State on his petition for post-conviction relief (PCR). He argues that the superior court erred when it concluded that, by pleading guilty to a charge carrying a habitual-offender enhancement, he waived the right to subsequently contest the sufficiency of the pleas in the underlying convictions that made him subject to the enhancement. We affirm.

¶ 2.    In 2014, defendant pled no contest to obstruction of justice. As part of his plea colloquy with the sentencing court, defendant acknowledged that by changing his plea from not guilty to no contest, he was giving up his right to appeal, which he would have had if he had

maintained his not-guilty plea, gone to trial, and been convicted. The court imposed a sentence that was enhanced under Vermont's habitual-offender statute, 13 V.S.A. § 11.[1] Between 2001 and 2006, defendant was convicted of four felonies that enhanced the sentence on the obstruction-of-justice conviction. He pled guilty to two of those convictions—false pretenses and grand larceny—at one proceeding in 2004.

¶ 3. In 2018, defendant filed a PCR petition, seeking to vacate the sentence imposed on the 2014 obstruction-of-justice conviction. He argued that he was entitled to a resentencing because his pleas to the charges of false pretenses and grand larceny in 2004 were not made knowingly and voluntarily. Specifically, he alleged that the pleas were deficient because the court failed to elicit from him an admission to the factual basis supporting each of the charges. Defendant argued that without these two prior convictions, his sentence on the obstruction-of-justice conviction should not have been enhanced pursuant to 13 V.S.A. § 11.

¶ 4. Defendant filed a motion for summary judgment. His motion relied, in part, on the transcript of the colloquy he and the court engaged in during the 2004 change-of-plea hearing on the false-pretenses and grand-larceny charges. He argued that the colloquy did not satisfy the dictates of In re Stocks, 2014 VT 27, ¶¶ 17, 20. 196 Vt. 160, 94 A.3d 1143 (vacating convictions and determining that plea was not voluntary based on court's failure to elicit admission to facts forming basis for charges, as required by Vermont Rule of Criminal Procedure 11(f)). Defendant urged the court to vacate his 2014 sentence and to impose a sentence no greater than five years to serve.

---

[1] The maximum sentence defendant would have faced for obstruction of justice, without a habitual-offender enhancement, was five years. 13 V.S.A. § 3015. As a habitual offender, he was subject to a sentence of up to life imprisonment upon conviction of a felony after having been previously convicted of three felonies. Here, under the plea agreement, defendant was sentenced to zero-to-thirty years to serve.

¶ 5.    The State opposed defendant's motion for summary judgment and cross-moved for summary judgment.  The State argued that it was immaterial whether the colloquy resulting in the 2004 convictions satisfied Rule 11(f) because defendant, by entering a knowing and voluntary plea to obstruction of justice, waived any challenge to the sufficiency of the plea colloquy on the underlying convictions used to enhance his sentence.  Because he entered a knowing and voluntary guilty plea to the obstruction-of-justice charge, and the agreed-upon sentence was imposed, defendant was barred from collaterally attacking the validity of the 2004 convictions and had waived all nonjurisdictional defects in that proceeding.

¶ 6.    The court denied defendant's motion for summary judgment and granted the State's cross-motion for summary judgment.  It reviewed the transcript of the 2004 proceeding and ultimately concluded that the change-of-plea colloquy on the false-pretenses and grand-larceny charges suffered from the same deficiencies this Court identified in Stocks.[2]  Defendant did not argue that his plea to the obstruction-of-justice charge was not made knowingly and voluntarily.  The court then reviewed the transcript of that proceeding and found that it complied with Rule 11(f) and concluded that defendant made his plea knowingly and voluntarily.  Finally, the court relied, in part, on In re Torres, 2004 VT 66, ¶ 9, 177 Vt. 507, 861 A.2d 1055 (mem.), to hold that defendant had waived all nonjurisdictional defects in the 2004 proceedings by entering a knowing and voluntary plea to a charge of obstruction of justice and was barred from collaterally attacking the convictions used to enhance his sentence.  Defendant appealed.

¶ 7.    We review the court's summary-judgment decisions de novo, applying the same standard as the trial court.  Sabia v. Neville, 165 Vt. 515, 523, 687 A.2d 469, 474 (1996).  Summary

_____

[2] Because we agree with the trial court that petitioner waived the right to collaterally attack the 2004 convictions, we need not decide whether the changes of plea met the dictates of Rule 11(f) under Stocks.

3

judgment is appropriate when there are no genuine issues of material fact, and a party is entitled to judgment as a matter of law. V.R.C.P. 56(a).

¶ 8. On appeal, defendant attempts to distinguish Torres, arguing that it is inapplicable because, in that case, we addressed only the legality of a conviction that was enhanced by a prior illegal conviction, but not the sentence that was imposed. He further submits that this case is controlled by In re Manning, 2016 VT 53, 202 Vt. 111, 147 A.3d 645. In Manning, we reversed the sentence imposed on a DUI-4 conviction after concluding that the plea colloquy on a prior DUI-3, used to enhance the defendant's sentence on the DUI-4, was inadequate. Id. ¶¶ 18-19. Finally, defendant argues that, at best, these two cases are in conflict and therefore Manning controls as the more recent case.

¶ 9. We conclude that Torres is applicable here. In Torres, the defendant filed a PCR petition, claiming that his conviction for second-degree aggravated domestic assault required a prior domestic-assault conviction and that, because he had no such prior conviction, his conviction for second-degree aggravated domestic assault must be vacated.[3] The defendant also claimed that his attorney was ineffective when he failed to investigate the alleged prior conviction and allowed him to plead guilty to the second-degree aggravated domestic assault charge. We acknowledged that the defendant had not previously been convicted of domestic assault—the case had been charged but was later dismissed—but held that the defendant waived his right to challenge his supposed prior domestic-assault conviction as an element of his subsequent aggravated-domestic conviction when he pled guilty to the subsequent offense.[4] Torres, 2004 VT 66, ¶ 1.

---

[3] A person may be charged with second-degree aggravated domestic assault when he or she commits a domestic assault and has previously been convicted of domestic assault. 13 V.S.A. § 1044(a)(2)(B).

[4] We remanded the claim of ineffective assistance of counsel based on the defendant's attorney's allegedly deficient performance investigating the existence of the defendant's prior conviction in preparation for the plea hearing, and the attorney's advice that the defendant plead

4

¶ 10.    We reiterated that a voluntary plea of guilty, with an acknowledgement that by pleading guilty the defendant is giving up appeal rights, waives all "non-jurisdictional defects" in the prior proceedings, with limited exceptions that are "inherent in the requirement that pleas be made knowingly and voluntarily." Torres, 2004 VT 66, ¶ 9 (quotations omitted); see also State v. Armstrong, 148 Vt. 344, 345-46, 533 A.2d 1183, 1184 (1987) (noting that guilty plea constitutes waiver of "procedural shortcomings," claims that "prosecution obtained evidence unlawfully," and "all nonjurisdictional defects in the proceedings leading up to the plea, including allegedly illegal searches and seizures"). Thus, a guilty plea or plea of no contest waives most appellate challenges to a defendant's conviction, with few exceptions.[5] See United States v. Calderon, 243 F.3d 587, 590 (2d Cir. 2001) (holding that venue is nonjurisdictional); United States v. Schuman, 127 F.3d 815, 818, n.* (9th Cir. 1997) (Kozinski, J., concurring) (listing jurisdictional issues, which are not subject to waiver by guilty plea).

¶ 11.    In Torres, after examining the record of the plea to the second-degree aggravated assault, we determined that the defendant entered a knowing and voluntary guilty plea to the charge and concluded that he "understood that he was giving up appeal rights by pleading [guilty]." 2004 VT 66, ¶ 11. Therefore, we concluded, "he may not challenge his conviction now on grounds that he has never been convicted of a domestic assault, and thus cannot be guilty of committing a 'second or subsequent offense'." Id.

¶ 12.    Torres dictates the outcome here. Indeed, it is undisputed that defendant pled no contest to obstruction of justice, and, in doing so, knowingly, voluntarily, and expressly waived

---

guilty at that hearing, because the PCR court did not address it. Id. ¶¶ 1, 4, 15. In addition, in his amended petition, the defendant also argued that his enhanced sentence should be vacated.

[5] The waiver rule does not apply to conditional guilty pleas, which require the consent of the State and approval of the court. V.R.Cr.P. 11(a)(2) ("[A] defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to review the adverse determination of any specified pretrial motion. If the defendant prevails on appeal, he shall be allowed to withdraw his plea.").

his right to appeal. This waived his right to appeal all nonjurisdictional defects to his obstruction charge, and, under Torres, this includes the existence of any underlying convictions that made him eligible for a sentencing enhancement.

¶ 13. Defendant's argument that the waiver doctrine applies only to challenges to convictions and not to sentences is unavailing. The defendant in Torres argued that both his conviction and sentence should be vacated. Id. ¶ 4. He challenged the enhancement to the charge, and thus also challenged the increase to his sentence, based upon the alleged prior conviction. In Torres we were not required to address the sentence because we held that the defendant waived the right to challenge the conviction upon which the sentence was based. Id. ¶ 15. Here, defendant challenges a sentence that was enhanced by prior convictions. Any distinction between Torres and this case with respect to what was challenged is of no moment. As in Torres, here defendant attempts to collaterally attack nonjurisdictional defects in a prior proceeding. He expressly waived this right when he entered a voluntary and knowing no contest plea to obstruction of justice, and, in doing so, affirmed that he understood that he was relinquishing any right to appeal.

¶ 14. Defendant's next argument is that Manning is controlling. However, the procedural posture of this case is easily distinguished from that of Manning because Manning did not involve a knowing and voluntary guilty plea that would subject the underlying offenses to waiver. In Manning, the defendant was charged with driving under the influence, fourth offense, which required proof of three prior DUI convictions. While the case was still pending, the defendant filed a PCR petition seeking to vacate one of the prior convictions, a DUI third offense (DUI-3), arguing that the plea colloquy in his prior case—the DUI-3—did not comply with Vermont Rule of Criminal Procedure 11(d) and (f). 2016 VT 53, ¶ 2. The petition was held in abeyance until the outcome of the DUI-4 proceeding was determined. Id. ¶ 3. The defendant was convicted in the DUI-4 case and the court then addressed the PCR petition. Id. ¶¶ 3-4. The trial court held that the

change-of-plea colloquy on the underlying DUI-3 charge satisfied Rule 11(d) and (f) and therefore entered judgment for the State. Id. ¶¶ 8-10.

¶ 15. On appeal, the defendant argued that the DUI-3 conviction must be vacated because the court erred in its determination that the plea colloquy for the DUI-3 conviction satisfied Rule 11. We reversed and remanded, holding that the guilty plea did not satisfy Rule 11 because the plea colloquy on the DUI-3 conviction lacked any recitation of the elements of the offense and the factual basis supporting the charge was not admitted to by the defendant. Id. ¶¶ 15, 18. However, we rejected the defendant's request that we vacate the DUI-3 conviction and held that the proper remedy was to resentence the defendant on his DUI-4 conviction. Id. ¶ 19. We relied on our decision in State v. Boskind, 174 Vt. 184, 189-92, 802 A.2d 358, 363-65 (2002), to reiterate that when a defendant is in custody pursuant to an enhanced sentence, he is limited to challenging the enhancement of that sentence and may not attack the conviction on which the enhancement is based. Manning, 2016 VT 53, ¶ 20; see In re Collette, 2008 VT 136, ¶ 8, 185 Vt. 210, 969 A.2d 101 (holding that relief in such a case is limited to striking enhanced sentence rather than vacating final, prior conviction).

¶ 16. The Manning holding is not in conflict with Torres and is not applicable to this case. Manning is not a waiver case. There the defendant preserved his right to challenge his enhanced sentence by filing a PCR petition attacking the legality of a previous conviction while the enhanced charge was pending. He did not enter a guilty or no contest plea to the enhanced charge and, thus, did not knowingly and voluntarily waive his right to appeal nonjurisdictional defects. In Manning, we clarified that the proper remedy under the circumstances there was to challenge the enhanced sentence. Defendant does that here, but this remedy is not available to him

7

after having entered a knowing and voluntary plea of no contest to the enhanced charge of obstruction.[6]

¶ 17. The court did not err in concluding that the State was entitled to judgment as a matter of law. Defendant waived his right to challenge the legality of his underlying convictions and the imposition of an enhanced sentence when he entered a knowing and voluntary plea to obstruction of justice.

Affirmed.

FOR THE COURT:

_____
Associate Justice

¶ 18. **ROBINSON, J., concurring.** I concur in the majority opinion, but write separately to highlight the practical tension I believe this decision creates in our case law.

¶ 19. I concur with the majority because on this record defendant clearly waived any challenge to the prior convictions upon which the habitual offender enhancement was based. The court expressly advised defendant that he was charged with obstruction of justice with a habitual

---

[6] The other cases cited in defendant's post-argument Vermont Rules of Appellate Procedure 28(j) filing are either distinguishable or inapplicable. Class v. United States, 583 U.S. __, __, 138 S. Ct. 798, 807 (2018), holds that a defendant's guilty plea does not waive his right to challenge the constitutionality of a federal statute under which he was convicted. This case involved a written plea agreement that allowed the defendant to preserve certain appeal issues while prohibiting him from raising others. The Court relied on the fact that the defendant's right to challenge the constitutionality of the statute was not listed in either category as permitted or prohibited. Id. at __, 138 S. Ct. at 802, 805. It is noteworthy that the Court there also reiterated that a valid guilty plea relinquishes any claim that would contradict the admissions necessarily made upon entry of a voluntary plea of guilty. Id. at __, 138 S. Ct. at 804. That is precisely the case here. In State v. Phillips, 2018 VT 85, ¶ 18, __ Vt. __, 195 A.3d 1099, we held that it was permissible for the defendant to waive an ex-post-facto challenge to his charge upon the entry of a knowing and voluntary plea. It is difficult to discern how Phillips lends support to defendant's arguments here and we will not strain to do so. Finally, defendant cites to State v. Hance, 157 Vt. 222, 226, 596 A.2d 365, 368 (1991), in which we held that a defendant may expressly waive the right to seek sentence reconsideration as part of a plea agreement. Again, it is not clear how this holding supports defendant's position in this case.

offender enhancement, and defendant acknowledged he understood this before pleading no contest to the charge. The written plea agreement defendant signed expressly tied the obstruction-of-justice charge and the habitual-offender enhancement together, and defendant executed the plea agreement. There is no claim here that his agreement was not knowing and voluntary. On this record, I agree that he waived his challenge to the validity of the prior convictions.

¶ 20.     One consequence of this decision is that, given our related case law concerning challenges to prior convictions that are used for sentence enhancement, it is not entirely clear whether and how a defendant who has no defense to the immediate charge, but does challenge prior convictions supporting a sentence enhancement, can preserve the challenge without forcing an unnecessary trial on the immediate charge. In State v. Boskind, 174 Vt. 184, 807 A.2d 358 (2002), this Court considered whether defendants facing DUI charges subject to enhancement on account of prior convictions could challenge those prior convictions in the criminal division in the context of the pending new DUI charges. Over a dissent, this Court concluded that the defendants were not entitled to challenge their prior convictions at the sentencing phase of an enhancement charge; instead, they had to pursue PCR from the enhanced sentence. 174 Vt. at 189-92, 807 A.2d at 363-65. We acknowledged this authority more recently in In re Manning, 2016 VT 53, ¶ 20, 202 Vt. 111, 147 A.3d 645.

¶ 21.     If this is an accurate description of our law, then a defendant with no defense to the immediate charge, but a potentially meritorious challenge to an underlying conviction used for enhancement, is forced to contest (rather than plead guilty or no contest to) the immediate charge in order to avoid a waiver, but is simultaneously precluded from challenging the underlying prior convictions in the criminal proceeding. It's incongruous to suggest that a defendant cannot challenge prior underlying convictions in defending a criminal charge that includes an enhancement based on those convictions, while at the same time holding that pleading guilty or no contest to that criminal charge that includes an enhancement constitutes a waiver of any challenges

9

to those convictions—challenges that could not in any event have been prosecuted in the context of the proceeding culminating in the no contest plea.  For that reason, I am not persuaded that our decision in this appeal is entirely consistent with our existing case law concerning the proper mechanism for challenging the validity of prior convictions that are integral to new charges.  I concur with the majority because I conclude that either potential holding in this case may be in tension with existing case law and may ultimately require us to revisit established practices.

_____

Associate Justice