NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: Reporter@vtcourts.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2024 VT 80

No. 23-AP-358

| | |
|---|---|
| In re Thomas Velde, Jr. | Supreme Court |
| (State of Vermont, Appellant) | |
| | On Appeal from |
| | Superior Court, Rutland Unit, |
| | Civil Division |
| | |
| | October Term, 2024 |

Mary Miles Teachout, J. (Ret.)

Matthew Valerio, Defender General, and Rebecca Turner, Appellate Defender, Montpelier, for
  Petitioner-Appellee.

Ian Sullivan, Rutland County State's Attorney, and Nicholas R. Battey, Deputy State's Attorney,
  Rutland, for Respondent-Appellant.


PRESENT: Reiber, C.J., Eaton, Carroll, and Cohen, JJ., and Tomasi, Supr. J.,
        Specially Assigned


¶ 1.     **COHEN, J.**   The State appeals from the trial court's summary-judgment decision in favor of petitioner on his petition for postconviction relief (PCR). The court vacated petitioner's sentence, which had been enhanced based on his habitual-offender status, and remanded for resentencing. The State argues that petitioner waived the right to challenge the predicate convictions supporting the enhanced sentence when he entered a voluntary and knowing guilty plea in 2018. We agree and we therefore do not reach the State's remaining argument as to how any resentencing should occur. We reverse the trial court's decision and remand for consideration of petitioner's unaddressed ineffective-assistance-of-counsel claim.

¶ 2.     The facts are undisputed. In 2009, petitioner pled guilty to simple assault and unlawful trespass. During his plea colloquy, petitioner did not expressly agree to the facts upon

which the charges were based. Instead, he agreed that the affidavits provided by police officers with respect to the charges "provide[d] a factual basis for each of the elements."

¶ 3. Petitioner was later charged with four new crimes, including gross negligent operation—death resulting and leaving the scene of an accident—death resulting. The State sought an enhanced sentence based on petitioner's prior felony convictions, including his 2009 unlawful-trespass conviction. See 13 V.S.A. § 11 (providing that person convicted of three felonies or attempts to commit felonies "may be sentenced upon conviction of such fourth or subsequent offense to imprisonment up to and including life").

¶ 4. In March 2018, petitioner pled guilty to the two charges above pursuant to a plea agreement and the State dismissed two additional charges. Petitioner also pled guilty to being a habitual offender under 13 V.S.A. § 11 and admitted that he had previously been convicted of the three felonies identified by the court. Following a contested hearing, the court imposed an enhanced sentence of nineteen years to life, to serve, on each charge.

¶ 5. Petitioner filed a PCR petition in March 2022 and the parties filed cross-motions for summary judgment. Petitioner argued that the court should declare the enhanced portion of his sentence unlawful because there was no factual basis for his 2009 unlawful-trespass conviction. He asked to be resentenced without the habitual-offender enhancement and cited In re Manning, 2016 VT 53, ¶ 20, 202 Vt. 111, 147 A.3d 645, in support of his position. Petitioner also raised an ineffective-assistance-of-counsel claim, asserting that his counsel knew about the faulty factual basis at the time of his March 2018 guilty plea and said nothing. The State responded that petitioner waived the right to challenge the legality of his underlying convictions by pleading guilty in March 2018 and he failed to preserve the right to challenge the underlying felony convictions as part of his plea. As support, the State cited In re Gay, 2019 VT 67, 211 Vt. 122, 220 A.3d 769, and In re Torres, 2004 VT 66, 177 Vt. 507, 861 A.2d 1055 (mem.).

¶ 6. The trial court granted summary judgment to petitioner. It concluded that at the time of petitioner's March 2018 guilty pleas, "a person in [petitioner's] position could not obtain

post-conviction relief to vacate a prior predicate conviction for which he was no longer under sentence, but he could challenge an enhanced sentence on a showing of a defect in a prior conviction that was used as the basis for sentence enhancement, and could seek resentencing." As support, it cited Manning, 2016 VT 53, and State v. Boskind, 174 Vt. 184, 185, 807 A.2d 358, 360 (2002) (holding that defendant must challenge prior conviction used for sentence enhancement through PCR and not at sentencing hearing).

¶ 7. The court reasoned that after the Gay decision in 2019, "it was established that a plea to a charge that carries possible habitual offender sentence enhancement was a waiver of the right to challenge the predicate conviction that formed the basis for the enhancement," and when In re Benoit, 2020 VT 58, 212 Vt. 507, 237 A.3d 1243, issued, "it was clear how to preserve the right to challenge sentence enhancement." (emphasis omitted). The court determined that these later cases announced "new rules" that altered existing case law and that they should not be applied retroactively to petitioner's 2018 guilty pleas. The court thus granted summary judgment to petitioner. It vacated petitioner's sentence and remanded for the imposition of a new sentence consistent with its decision. The State appeals.

¶ 8. The State asserts that it is entitled to summary judgment because, when petitioner pled guilty in March 2018, he waived his right to collaterally attack his current sentence under established law. The State maintains that waiver was a well-established and clear consequence of petitioner's guilty plea in March 2018. It cites numerous cases, including Torres, which it argues "establishes that in these circumstances, a defendant waives a postconviction attack on predicate convictions supporting a currently enhanced sentence when they plead guilty without reserving that right." The State argues that Manning, cited by petitioner, is distinguishable.

¶ 9. We review the court's summary judgment decision applying "the same standard as the trial court." In re Hemingway, 2014 VT 42, ¶ 7, 196 Vt. 384, 97 A.3d 896. Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a). We review questions of law de novo. State v.

3

Therrien, 2022 VT 35, ¶ 12, 217 Vt. 65, 282 A.3d 1175. We agree with the State that when petitioner pled guilty in March 2018, he waived his right to collaterally attack his sentence under established law.

¶ 10. Our 2004 decision in Torres is controlling here. In that case, a defendant pled guilty to second-degree aggravated domestic assault, an element of which was a prior domestic assault conviction. The defendant later filed a PCR, asserting that he did not in fact have a prior domestic assault conviction, and therefore, his conviction for second-degree aggravated domestic assault should be vacated. He also argued that his counsel was ineffective because he "failed to investigate the factual basis of his prior domestic assault charge and should never have advised him to plead guilty to that charge." Torres, 2004 VT 66, ¶ 4.

¶ 11. We concluded that the defendant "waived his right to challenge his conviction" on the basis that he had no prior domestic assault conviction "when he pled guilty." Id. ¶ 9. We found it " 'well settled that a defendant who knowingly and voluntarily enters a guilty plea waives all nonjurisdictional defects in the prior proceedings.' " Id. (quoting United States v. Garcia, 339 F.3d 116, 117 (2d Cir. 2003) and citing State v. Armstrong, 148 Vt. 344, 346, 533 A.2d 1183, 1184 (1987) ("A voluntary plea of guilty waives all nonjurisdictional defects in the proceedings leading up to the plea . . . .")). In so holding, we "recognize[d] the limited exceptions to the waiver rule inherent in the requirement that pleas be made 'knowingly and voluntarily.' " Id. We cited, as an example, that "[d]efendants who plead guilty upon the advice of counsel . . . 'may only attack the voluntary and intelligent character of the guilty plea by showing that the advice they received from counsel' constituted ineffective assistance of counsel." Id. (quoting Hill v. Lockhart, 474 U.S. 52, 56-57 (1985)).

¶ 12. We concluded that the transcript of the defendant's plea colloquy "verifie[d] that he voluntarily entered into the plea agreement" and "understood the rights he was waiving by pleading guilty to the charges against him." Id. ¶ 10. We noted that the defendant had other ways in which

to challenge his conviction, including through an ineffective-assistance-of-counsel claim, and we remanded for further proceedings on such claim.

¶ 13. This was the controlling law at the time of petitioner's plea in the instant case. This established rule was not modified by Manning, 2016 VT 53. Manning is distinguishable from Torres, as we have expressly recognized. See Gay, 2019 VT 67, ¶ 14 (discerning no conflict between Torres and Manning, and finding Manning "easily distinguish[able]" because that case "did not involve a knowing and voluntary guilty plea that would subject the underlying offenses to waiver").

¶ 14. In Manning, 2016 VT 53, a petitioner pled guilty to driving under the influence, third offense (DUI-3). Many years later, after he was charged with a fourth DUI offense (DUI-4), the petitioner filed a PCR seeking to vacate his DUI-3 conviction based in part on the absence of a factual basis for his guilty plea. Because the petitioner was not in custody under sentence for the DUI-3 conviction, his PCR was held in abeyance pending the outcome of the DUI-4 proceedings. When the petitioner was found guilty of DUI-4, the parties agreed that the PCR was ripe for consideration. The PCR court denied the petition.

¶ 15. On appeal, we agreed with the petitioner that his DUI-3 plea colloquy was faulty because he did not sufficiently admit to a factual basis for the charge, but we explained that our established law did not allow for an order vacating the DUI-3 conviction, as requested by the petitioner. Instead, "the relief available to [the] petitioner on account of the improper 2001 conviction for DUI-3 [was] limited to a challenge to any enhancement of his sentence in the context of his DUI-4 conviction." Id. ¶ 20 (citing Boskind, 174 Vt. at 193, 807 A.2d at 355-56). We stated that "collateral relief in these circumstances requires that the enhanced sentence be stricken in the event of a meritorious claim, but there is no jurisdiction to vacate the long final prior conviction upon which the enhancement is based." Id. (citation and alteration omitted). We directed the trial court to vacate the petitioner's DUI-4 sentence and resentence the petitioner. As we later

5

highlighted in Gay, the question of waiver did not arise in Manning because the unchallenged facts indicated that the defendant was "found guilty" of DUI-4. 2019 VT 67, ¶ 14 n.6.

¶ 16. In Gay, we again considered whether "by pleading guilty," this time to "a charge carrying a habitual offender enhancement," a defendant "waived the right to subsequently contest the sufficiency of the pleas in the underlying convictions that made him subject to the enhancement." 2019 VT 67, ¶ 1. We concluded that Torres, 2004 VT 66, ¶ 11, "dictate[d] the outcome" and, applying that case, we held that the defendant had waived the right to challenge convictions underlying his enhanced sentence. Gay, 2019 VT 67, ¶ 12. We agreed with the State that, as in Torres, "by entering a knowing and voluntary plea to [the charged crime]," the defendant "waived any challenge to the sufficiency of the plea colloquy on the underlying convictions used to enhance his sentence." Id. ¶ 5.

¶ 17. In reaching our conclusion, we rejected the argument that Torres was limited to "the legality of a conviction that was enhanced by a prior illegal conviction, but not the sentence that was imposed." Id. ¶ 8 (emphasis omitted). We explained that the defendant in Torres challenged both his conviction and sentence, although "we were not required to address the sentence because we held that the defendant waived the right to challenge the conviction upon which the sentence was based." Id. ¶ 13. We considered "[a]ny distinction between Torres and [Gay] with respect to what was challenged . . . of no moment" because, "[a]s in Torres," the defendant here also "attempt[ed] to collaterally attack nonjurisdictional defects in a prior proceeding" and "[h]e expressly waived this right when he entered a voluntary and knowing no contest plea to obstruction of justice, and, in doing so, affirmed that he understood that he was relinquishing any right to appeal." Id.

¶ 18. We found no conflict between Torres and Manning, and we rejected the defendant's assertion that Manning controlled. As referenced above, we noted that Manning "[was] not a waiver case" and unlike Torres, it did not involve "a knowing and voluntary guilty plea that would subject the underlying offenses to waiver." Id. ¶¶ 14, 16. The defendant in Manning "preserved his right

to challenge his enhanced sentence by filing a PCR petition attacking the legality of a previous conviction while the enhanced charge was pending." Id. ¶ 16. "He did not enter a guilty or no-contest plea to the enhanced charge and, thus, did not knowingly and voluntarily waive his right to appeal nonjurisdictional defects." Id. As we explained, "[i]n Manning, we clarified that the proper remedy under the circumstances there was to challenge the enhanced sentence." Id. While the defendant attempted to do that in Gay, "this remedy [was] not available to him after having entered a knowing and voluntary plea of no contest to the enhanced charge of obstruction."[1] Id. We thus held that the State was entitled to judgment as a matter of law. Id. ¶ 17.

¶ 19. We reach the same conclusion here, applying Torres. Petitioner "waived his right to challenge the legality of his underlying convictions and the imposition of an enhanced sentence when he entered a knowing and voluntary [guilty] plea" to the charged crimes. Id. As in Torres, his "plea colloquy verifies that he voluntarily entered into the plea agreement" and "understood the rights he was waiving by pleading guilty to the charges against him." 2004 VT 66, ¶¶ 10, 11. He therefore may not challenge a predicate conviction underlying his enhanced sentence.

¶ 20. Our conclusion is not undermined by the concurring opinion in Gay. The concurring justice agreed with the majority that the defendant in Gay "clearly waived any challenge to the prior convictions upon which the habitual offender enhancement was based." 2019 VT 67, ¶ 19 (Robinson, J., concurring). She noted that the trial court had "expressly advised [the] defendant" of the enhanced charge against him, the "defendant acknowledged he understood" before entering his plea, and "[t]here [was] no claim . . . that his agreement was not knowing and voluntary." Id. Justice Robinson wrote separately "to highlight the practical tension [she] believe[d] this decision

---

[1] We noted in Gay, in response to a reargument motion, that our decision in Manning described the defendant there as "having been 'found guilty' of the enhanced charge [of DUI-4] when in fact he pled guilty" to that charge. 2019 VT 67, ¶ 14 n.6. We explained that our decision in Manning "was predicated on the facts as recited in that opinion, which were not challenged by the parties to that appeal." Id. We thus did not see this information as a reason to alter our conclusion in Gay.

create[d] in our case law." Id. ¶ 18. She concluded that the case raised practical questions about how to challenge prior convictions without forcing an unnecessary trial on the immediate charge.

¶ 21. This issue later arose again in Benoit, and the Court held that "a defendant can plead guilty but preserve a PCR challenge to a predicate offense by providing clear notice on the record when entering a guilty plea." 2020 VT 58, ¶ 9. The Court found this holding "consistent with our analysis in Torres and Gay" as "[t]hose decisions were based on principles of waiver." Id. ¶ 19. We cited the plea colloquies in those cases and reiterated that the pleas there were entered voluntarily and knowingly, adding that "[i]n those cases, the defendants did not assert or attempt to preserve PCR challenges." Id. We noted, by contrast, that a waiver was not likely to be found "if a defendant clearly states on the record when pleading guilty to an enhanced charge that they intend to pursue a specified PCR challenge." Id.

¶ 22. The practical concern raised by the concurring opinion in Gay and the later decision in Benoit relate to a factual predicate that is not present in the instant case. They do not undermine the established law that existed at the time of petitioner's March 2018 plea. At that time, it was "well settled that a defendant who knowingly and voluntarily enters a guilty plea waives all non-jurisdictional defects in the prior proceedings." Torres, 2004 VT 66, ¶ 9 (quotation omitted). There is nothing in the summary-judgment record to undermine waiver, or to show, in the language of Benoit, 2020 VT 58, ¶ 22, that petitioner made an attempt to preserve his ability to challenge a predicate offense at the time of his plea, or that he pled guilty "with an understanding that he could pursue his collateral challenges to enhancing convictions in a PCR proceeding, and, importantly, a plan to do so."[2] Id. To the contrary, petitioner expressly admitted that he had been convicted of the three felonies identified by the trial court and that he understood that he was giving up his ability

---

[2] While petitioner asserts otherwise in his brief, he fails to show where he raised this argument below either in support of his own motion for summary judgment or in opposition to the State's motion for summary judgment. See V.R.A.P. 28(a)(4), (b) (explaining that argument on appeal must contain citations to the "parts of the record on which the appellant relie[d]"); Lane v. Town of Grafton, 166 Vt. 148, 153, 689 A.2d 455 (1997) ("Failure to raise a reason why summary judgment should not be granted at the trial level precludes raising it on appeal.").

to put the State to its proof by pleading guilty. The fact that this Court later clarified how a defendant could plead guilty and also preserve a challenge to an underlying conviction is of no moment given the facts here.

¶ 23. Like the colloquies in Torres and Gay, the 2018 plea colloquy here shows that petitioner knowingly and voluntarily pled guilty and thereby "clearly waived any challenge to the prior convictions upon which the habitual offender enhancement was based." Gay, 2019 VT 67, ¶ 19 (Robinson, J., concurring); see also Torres, 2004 VT 66, ¶¶ 10, 11.

¶ 24. At the March 2018 change-of-plea hearing, petitioner submitted to the court his signed plea agreement. His attorney stated that he had discussed the terms of the agreement with petitioner and explained that by signing the agreement, petitioner agreed to admit the essential facts required for the charges and that the State was dismissing two additional counts. The court then went through the agreement with petitioner and explained his rights to ensure that he understood them. Petitioner stated that he voluntarily signed the plea agreement, along with the waiver-of-rights form and the notice-of-collateral-consequences form. He said he had sufficient time to review those papers with his attorney and was satisfied that he understood them. The court explained the maximum potential penalty for the charges with the habitual enhancement and noted that defendant could argue for any lawful sentence. The court explained to defendant his rights, including the right to a jury trial where the State would have to prove the allegations against petitioner beyond a reasonable doubt, as well as his right to appeal. It stated that petitioner would be giving up those rights by pleading guilty. Petitioner stated that he was doing this voluntarily.

¶ 25. The court then went through the nature of the charges, the factual basis for the charges, and the maximum penalties for the charges. It discussed the crimes. In doing so, it referenced the State's certified copy of petitioner's prior felony convictions for escape, unlawful trespass, and DUI-3. The State had provided defense counsel with copies of these and submitted them into evidence without objection.

¶ 26. Specifically, with respect to the habitual-offender enhancement, the court explained that defendant would have the right to a separate jury trial "to see if the State could prove beyond a reasonable doubt their allegations that you are a habitual offender, meaning that you had been convicted of at least three prior felonies." Petitioner indicated that he understood his right to a separate jury trial and that he understood that "at the trial on the habitual enhancements, [he] would have the same rights that [the court] just went over with you on Counts I and II." The court went through each of the predicate felony counts separately and petitioner admitted that he was the person convicted of those crimes. Petitioner stated that he wanted to enter a guilty plea. The court accepted petitioner's guilty pleas and found that they were made knowingly and voluntarily with full knowledge of their consequences and that petitioner waived his constitutional rights.

¶ 27. Based on the record here, we conclude that petitioner waived his right to challenge the convictions underlying his habitual-offender status under well-established law when he knowingly and voluntarily pled guilty. The State is entitled to summary judgment on petitioner's first claim of error. This case is remanded to the trial court to address the remaining claim in petitioner's PCR petition.

We reverse the trial court's decision and remand for entry of summary judgment for the State on petitioner's first claim and for consideration of petitioner's remaining ineffective-assistance-of-counsel claim.

FOR THE COURT:

_____

Associate Justice

10