**VERMONT SUPREME COURT**
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.        23-AP-388

*Note: In the case title, an asterisk (*) indicates an appellant and a double asterisk (**) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

MARCH TERM,   2024

Jeffrey Rivard* v. Town of Brattleboro

}   APPEALED FROM:
}   Superior Court, Windham Unit,
}   Civil Division
}   CASE NO. 22-CV-03222
    Trial Judge: David A. Barra

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals from the civil division's award of summary judgment to defendant Town of Brattleboro. We affirm.

In September 2022, plaintiff filed a pro se complaint against the Town. The trial court found that his pleading did not set forth the "short and plain statement of the claim showing that the pleader is entitled to relief" required under Vermont Rule of Civil Procedure 8(a) and directed him to file an amended complaint. Plaintiff's amended complaint included allegations about the Brattleboro Police Department's response to a February 2022 automobile collision involving plaintiff, its handling of various citizen complaints he filed, and its role in his December 2019 removal from a shelter.

After discovery, the Town moved for summary judgment. Among other things, it argued that none of the statutes listed in the initial complaint afforded a private right of action and contended that plaintiff's complaint failed to set forth any actionable claim.

In ruling on the motion, the civil division noted that even after amendment, plaintiff's complaint remained "difficult to parse and comprehend." It ultimately interpreted the pleading to raise two claims against the Town: (1) that officers should have issued a traffic citation to the other driver involved in the February 2022 collision, but failed to do so; and (2) that the general course of the Department's conduct toward plaintiff and his family constituted discrimination and retaliation.

The court concluded that plaintiff failed to respond to the Town's statement of undisputed material facts in the manner required by the summary-judgment rule and accepted the following facts as undisputed for purposes of the motion.

Staff at a shelter plaintiff was staying in asked him to leave in December 2019 because of his use of abusive and threatening language.

In August 2020, February 2021, May 2021, and February 2022, plaintiff submitted citizen complaints to the Department arising from various interactions between plaintiff and the Department. Each of these complaints was investigated and resolved.

On February 2, 2022, plaintiff was involved in an automobile collision. Another driver was speeding to pass plaintiff in a no-passing zone and moved to the right, crossing into plaintiff's lane. Plaintiff then intentionally struck the other driver's vehicle with his own. Officers Ryan Washburn and Tyler Law of the Department arrived at the site of the crash and investigated the incident. They did not issue a traffic citation to either driver. Officer Law took from plaintiff a small envelope which had been used to store his auto documents.

As a result of his experiences with the Department, plaintiff experienced sleeplessness and physical pain arising from the anxiety, paranoia, and insecurity that police would not respond to his concerns.

The civil division concluded that the Town was entitled to summary judgment on both claims because the officers had no duty to give the other driver a ticket and plaintiff failed to identify any law governing his discrimination-and-retaliation claim. Finally, the court indicated that to the extent a sur-reply filed by plaintiff could be construed as a motion for summary judgment in his favor, that request was denied because it did not follow the applicable rules or satisfy the legal standard. This appeal followed.

We review a grant of summary judgment without deference, applying the same standard as the superior court: a motion for summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a); see also Tillson v. Lane, 2015 VT 121, ¶ 7, 200 Vt. 534.

On appeal, plaintiff first argues that the court was obligated to construe his complaint liberally given his pro se status but failed to do so. Though plaintiff does not otherwise challenge the civil division's characterization of his causes of action, he suggests that the court overlooked a third claim: that a report prepared by Officer Washburn following the collision omitted certain details and misspelled the other driver's name and misstated his address, harming the insurance subrogation process.

"[A]lthough pro se litigants receive some leeway from the courts, they are still bound by the ordinary rules of civil procedure." Zorn v. Smith, 2011 VT 10, ¶ 22, 189 Vt. 219 (quotation omitted). As the trial court noted in response to plaintiff's initial complaint, these rules require that plaintiff's pleadings include "a short and plain statement of the claim showing that the pleader is entitled to relief" with respect to any cause of action he wished to raise. V.R.C.P. 8(a). Plaintiff appears to argue that he raised this claim by citing 24 V.S.A. § 9401a in his initial complaint. However, it seems that the civil division looked to the amended complaint alone in ruling on the motion, and plaintiff has not argued that his amended complaint incorporated his initial complaint by reference.[1] See, e.g., In re Lewis, 2021 VT 24, ¶ 26, 214 Vt. 451 (recognizing that amended pleading generally supersedes pleading it modifies). In any event, 24 V.S.A. § 9401a does not exist in Vermont's statutes, and no other reference to the claim plaintiff

---

[1] The amended complaint begins with the words "upon a previous filing," but it is unclear whether this reference is to the initial complaint or a separate case plaintiff referenced in the same sentence.

now describes is discernible in either his initial or amended complaint. As a result, he has not shown that the trial court erred in its interpretation of his claims.

Next, plaintiff challenges the civil division's articulation of the undisputed facts relative to his claim of discrimination and retaliation. He argues that the court erred in accepting as undisputed the Town's assertion that the complaints plaintiff submitted were investigated and resolved, alleging that he never received a response to his complaints or learned of the outcome of any investigation.[2]

The Town's statement of undisputed material facts indicated that plaintiff submitted certain citizen complaints to the Department and all of these complaints were investigated and resolved. As required by the summary-judgment rule, this assertion was supported with citations to documentation pertaining to each complaint. V.R.C.P. 56(c)(1). These documents reflect that each of plaintiff's complaints was investigated and resolved, and that the results of the investigations were communicated to him. Because plaintiff failed to dispute the Town's factual assertion in the manner required by the rule, the court did not err in considering that fact undisputed for purposes of the motion. See V.R.C.P. 56(c)(2) (requiring that nonmoving party seeking to rebut assertion that fact is undisputed must "file a paragraph-by-paragraph response, with specific citations to particular parts of materials in the record that the responding party asserts demonstrate a dispute"); V.R.C.P. 56(e)(2) (providing that if party "fails to properly address another party's assertion of fact" the court may "consider the fact undisputed for purposes of the motion").

Regardless, this fact pertained to plaintiff's claim of discrimination and retaliation. The court concluded that the Town was entitled to summary judgment on this cause of action because plaintiff failed to identify any law under which to evaluate it. On appeal, plaintiff does not argue that that it was error to grant judgment on this basis.

Plaintiff also contends that his claim that the officers negligently failed to ticket the other driver should not have been dismissed because the officers had a duty to the public to promote the safety of the roads by issuing a traffic citation to the other driver. Plaintiff indicates that he is raising this claim as an interested resident of the Town, but states that "no legal award or relief is due nor would I have a personal interest, as no 'special duty' was owed to me."

---

[2] Plaintiff also briefly suggests that the court failed to take judicial notice of "history" which could have supported an inference that Officer Washburn exhibited bias against individuals with mental illnesses in his interactions with plaintiff, to include Officer Washburn's alleged unlawful arrest of plaintiff on a prior occasion. However, plaintiff has not clearly described the information he alleges should have been noticed, shown that this information was an appropriate subject of judicial notice in that it was "not subject to reasonable dispute," or cited a portion of the record showing that he requested the court take judicial notice and supplied it with the necessary information. V.R.E. 201(b), see also V.R.E. 201(d) ("A court shall take judicial notice if requested by a party and supplied with the necessary information."). Because this argument is therefore inadequately briefed, we do not address it. V.R.A.P. 28(a)(4) (providing that appellant's brief must include "the issues presented, how they were preserved, and appellant's contentions and the reasons for them—with citations to the . . . parts of the record on which the appellant relies"); Kneebinding, Inc. v. Howell, 2020 VT 99, ¶ 61, 213 Vt. 598 (declining to consider inadequately briefed arguments).

A negligence claim has four elements: "a legal duty owed by the defendant to the plaintiff, a breach of that duty, injury to the plaintiff, and a causal link between the breach and the injury." Sutton v. Vt. Reg'l Ctr., 2019 VT 71A, ¶ 26, 212 Vt. 612. Plaintiff's theory appears to be that the officers had a duty to him, as a member of the public, to ticket the other driver because this would increase the safety of the roads by deterring similar conduct in the future. However, "[t]here is generally no duty to protect another from the actions of a third person." Montague v. Hundred Acre Homestead, LLC, 2019 VT 16, ¶ 15, 209 Vt. 514. As a result, in considering whether a law-enforcement officer has a duty to protect a tort plaintiff against the wrongful acts of another, we have sought to determine whether a special duty existed. See Baptie v. Bruno, 2013 VT 117, ¶¶ 17-20, 195 Vt. 308 (determining whether officer could be held liable for allegedly negligent investigation of reported threats by analyzing existence of special duty); Kane v. Lamothe, 2007 VT 91, ¶¶ 8-9, 182 Vt. 241 (considering if state trooper could be held liable for allegedly negligent response to incident of domestic abuse by analyzing whether special duty existed). Plaintiff articulates no basis to depart from this analysis while conceding that he was owed no special duty. As a result, he has not shown that the court erred in granting summary judgment to the Town on this claim.

Finally, plaintiff argues that because the court stated that it was undisputed that Officer Law took his envelope,[3] he is entitled to either its return, an equivalent envelope, or an estimated twenty cents in damages. However, in order to obtain this relief, plaintiff needed to first demand it in his complaint and then obtain a corresponding judgment in his favor. See V.R.C.P. 8(a) (providing that complaint must contain "demand for judgment for the relief the pleader seeks"). Plaintiff did not demand this relief in his complaint. In addition, the court concluded that, to the extent plaintiff's sur-reply could be construed as a motion for summary judgment in his favor, it did not follow the applicable rules or satisfy the legal standard and denied it on this basis. Plaintiff does not challenge this determination on appeal. The court did not err in not awarding plaintiff the relief he now seeks.

Affirmed.

BY THE COURT:

Paul L. Reiber, Chief Justice

Harold E. Eaton, Jr., Associate Justice

Nancy J. Waples, Associate Justice

---

[3] We note that while the court described this fact as undisputed, the Town's statement of undisputed material facts asserted only that plaintiff alleged the envelope was taken.